J-S13035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DON LEE HOWES, JR. | |
| Appellant | No. 1475 WDA 2013 |

Appeal from the Judgment of Sentence dated August 19, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000259-2012

BEFORE:  PANELLA, MUNDY, and STABILE, JJ.

JUDGMENT ORDER BY STABILE, J.:                **FILED SEPTEMBER 17, 2014**

Appellant, Don Lee Howes, Jr., appeals from a judgment of sentence of the Court of Common Pleas of Fayette County ("trial court"), which, following a jury trial, convicted him of fleeing or attempting to elude a police officer, driving under the influence, and habitual offenders under Sections 3733(a), 3802(a)(1) and 6503.1 of the Vehicle Code.[1]  In addition, the trial court convicted Appellant of driving with a suspended license under Section 1545(b)(1) of the Vehicle Code.[2]  Appellant also pleaded guilty to violating Section 4303(b) of the Vehicle Code, relating to a vehicle's rear lighting system.[3]  Because Appellant raises only claims of ineffectiveness of counsel,

---

[1] 75 Pa.C.S. §§ 3733(a), 3802(a)(2) and 6503.1, respectively.

[2] 75 Pa.C.S. § 1543(b)(1).

[3] 75 Pa.C.S. § 4303(b).

we dismiss this appeal without prejudice to Appellant should Appellant decide to include and potentially further develop this claim in a timely filed petition pursued under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On appeal, Appellant's sole argument is that his trial counsel was ineffective to the extent the counsel permitted Appellant's "driver record to be taken into the jury deliberation room." Appellant's Brief at 10. With respect to arguments that implicate ineffective assistance of counsel claims, our Supreme Court recently articulated that, absent either good cause or exceptional circumstances and a waiver of post-conviction review, such claims must await collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). Instantly, because Appellant raises his ineffectiveness claim on direct appeal and because the claim does not fall into either exception discussed above, we must dismiss his claim under *Holmes*.[4]

Judgment of sentence affirmed.

Judgment Entered.

_____

[4] On May 29, 2014, we issued a Judgment Order by which we, *inter alia*, directed the trial court to order Appellant to file a Rule 1925(b) statement *nunc pro tunc* under Pa.R.A.P. 1925(c)(3). In the Judgment Order, we specifically noted for Appellant's benefit that, absent good cause and a waiver of post-conviction review, claims of ineffectiveness of counsel may not be raised on direct appeal and, therefore, must await collateral review. Judgment Order, 5/29/14, at 2 n.4. Nonetheless, Appellant, once again, attempts in this direct appeal to raise ineffectiveness claims.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2014